## WARING vs. MOSELEY, Admr.

1. When the hirer of a slave is sued individually for the hire, and he defends on the ground that the contract was made with him as agent of another, a letter from his principal to defendant, written after the contract was made, and showing a ratification of it by the principal, is admissible evidence for defendant.

ERROR to the Circuit Court of Mobile.
Tried before the Hon. LYMAN GIBBONS.

ASSUMPSIT by Moseley, as administrator with the will annexed of Louisa Laurandine, against the plaintiff in error, to recover the hire of a certain slave alleged to have been hired to defendant by plaintiff's testatrix. Waring defended on the ground, that the contract of hiring was made with him as the agent of one Robinson.

On the trial, plaintiff introduced evidence tending to show that the contract was made with Waring individually, and on his own account; and the defendant offered evidence to show that he made the contract as agent. A letter from said Robinson to defendant, written before the hiring, and authorizing defendant to hire for him slaves of the description of the one hired from Mrs. Laurandine, was offered in evidence by defendant, and read without objection. Defendant then offered another letter from Robinson to him, written after the hiring, and going to show a ratification by Robinson of defendant's act in hiring said slave for him ; but plaintiff objected to the introduction of this letter, as being incompetent evidence, and the court sustained his objection.

The charge of the court is not set out in the record; nor does it appear upon what question the controversy turned in the court below. The ruling of the court in excluding the second letter offered by defendant, is the only error assigned.

GEORGE N. STEWART, for plaintiff in error.
C. W. RAPIER, contra.

PHELAN, J.—The defence set up below to plaintiff's action was, that Waring, the defendant, made the contract

for the hire of the slave as agent of one Robinson, and not on his own account. To make this defence good, it was necessary for defendant to establish by proof two facts: 1st. That he made the contract with plaintiff's testatrix as agent of Robinson; 2. That he was in fact the agent of Robinson, at the time he made the contract, with authority to make it. Any proof tending to establish either of these facts, was material to the issue, and proper.

The letter of Robinson to the defendant, giving him authority to hire the slave, and written previously to the hiring, was introduced, it seems, without objection. But the letter written after the hiring, and tending to prove the ratification of that act, was ruled out. This was clearly proof tending to show the authority of the agent to hire at the time of the act of hiring. It was of the same character with the letter before the hiring, conferring the authority, and not, by any means, so strong as proof of the agency; but it could not be rejected on the ground that sufficient proof to that point had already been produced. It was additional, or cumulative evidence, which a party has always the right to produce. That it was written after the act of hiring took place, could make no difference. The object was, to prove the agency by a subsequent ratification of the act of the agent. This could be proved as a fact; and the admissions of the principal, either in writing or by parol, were competent to show that fact.

It is not probable that the whole controversy below turned, not upon the question of agency at all, but upon the nature of the contract that was made; and that the proof which was rejected, was rejected because the fact of agency was not denied by the plaintiff, and no controversy existed on that point. If this was made to appear by the bill of exceptions, there would be no cause for reversing the case, as it would be error without injury. But as this does not satisfactorily appear, we are compelled to hold, that the court erred in rejecting the letter of Robinson offered by the defendant, as that was evidence relevant to the issue.

The judgement below is reversed, and the cause remanded.